IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL AARON JAYNE,

    Petitioner,                    No. CIV S-06-0823 DFL DAD P

    vs.

DIRECTOR, California Dep't
of Corr. and Rehab., et al.,

    Respondents.               FINDINGS AND RECOMMENDATIONS

                              /

          Petitioner is a former state prisoner proceeding pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges the revocation of his state parole by the California Board of Prison Terms (BPT) in December of 2005. On July 6, 2006, respondent filed a motion to dismiss the petition, arguing that petitioner had failed to exhaust his state court remedies, his claims were procedurally barred and that to the extent petitioner challenged a denial of work time credits he failed to state a cognizable federal claim. Petitioner filed his opposition to the motion and moved for default judgment in his favor. Subsequently, petitioner filed a notice of change of address and informed the court that he was being released on parole on October 11, 2006. For the reasons set forth below and in light of petitioner's release, the court will recommend that this action be dismissed as moot.

1

BACKGROUND

1. In August of 2001, petitioner was convicted and sentenced by the Shasta County Superior Court for obstructing or resisting an executive officer in violation of California Penal Code § 69 and for vandalism in violation of California Penal Code § 594(b)(1).  (Mot. to Dismiss (MTD), Ex. A at 1.)  Petitioner was sentenced to a term of two years and eight months. (Id. at 3.)

2. On June 10, 2005, petitioner was released from custody and began his three year parole term.  (Id., Ex. B at 1.)

3. On October 11, 2005, petitioner was arrested and charged with felony assault, attempted carjacking, and resisting an officer.  (Id., Ex. B at 1; Pet'r's Denial and Traverse to Resp't's Notice of Mot. and Mot. to Dismiss (Opp'n), filed 7/31/06, at 2.)  On that same day a parole hold was placed on petitioner.  (MTD, Ex. B at 1.)

4. On October 26, 2005, petitioner appeared in the Shasta County Superior Court for his preliminary hearing.  (Opp'n at 2.)  The criminal charges against him were dismissed. (Id.)  Petitioner contends that the state court determined that his case involved "mistaken identity," there was no cause for the arrest and granted his attorney's "motion for factually innocense [sic]."  (Id.)

5. Petitioner was charged with violating his parole as follows:  (1) assault with great bodily injury, (2) non-violent felony vandalism, (3) criminal threats, (4) stalking, (5) carjacking, and (6) resisting arrest.  (MTD, Ex. B at 1; Opp'n at 2-3.)   On November 28, 2005, a probable cause hearing on the parole violation charge was held.  (Opp'n at 2.)  Charges 1, 3, 4, and 5 were dismissed.  (MTD, Ex. B at 1; Opp'n at 2-3.)

6. On December 15, 2005, a parole revocation hearing was held before the Board of Prison Terms (BPT) at Shasta County Jail.  (MTD, Ex. C at 1.)  On the two remaining charges (charges 2 and 6), petitioner denied the vandalism charge but admitted the resisting arrest/obstructing a police officer charge.  (Id., Ex. C at 2.)  With respect to the

1  resisting/obstruction charge it was noted that a SWAT team had to be utilized and that petitioner
2  was arrested only after a seven hour delay. (Id.)  Several witnesses testified and the hearing
3  officer determined that good cause was established with respect to both charges. (Id.)
4  Petitioner's parole was revoked and he was returned to state custody for a period of twelve
5  months. (Id.)

6        7. On January 24, 2006, petitioner filed a petition for a writ of habeas corpus with
7  the California Supreme Court. (Id., Ex. D.)  Petitioner raised the following grounds for relief:
8  (1) the Board failed to disclose to him the Redding Police Department report and the name of an
9  adverse witness prior to the hearing in violation of petitioner's due process rights under the 14th
10 Amendment, (2) the Board's revocation of petitioner's good time credits violated California
11 Penal Code § 3057, and (3) the Board's failure to dismiss the obstruction charge against
12 petitioner even though the assault charge was dismissed by the Shasta County Superior Court,
13 violated the Fifth and Fourteenth Amendments. (Id., Ex. D, Attach. at 2, 8-12.)  On March 15,
14 2006, the California Supreme Court denied the habeas petition, citing People v. Duvall, 9 Cal.
15 4th 464, 474 (1995) and In re Swain, 34 Cal. 2d 300, 304 (1949). (Id., Ex. E.)

16       8. On March 9, 2006, petitioner filed a habeas petition with the Shasta County
17 Superior Court.  On March 17, 2006, the court summarily denied petitioner's habeas petition,
18 ruling as follows:

> As to petitioner's first ground, nothing in Shasta County Superior
> Court file number 01F930 supports his contention he was found
> factually innocent in this case, nor does petitioner provide any
> documentary evidence such occurred.  As to grounds 2 and 3, these
> issues have been addressed in previous petitions for writs of habeas
> corpus, which were denied.

23 (Compl., Attach., Shasta County Superior Court's Ruling on Petition for Writ of Habeas Corpus,
24 dated 3/17/06.)

25       9. On April 17, 2006, petitioner filed his federal habeas petition.  Petitioner
26 advances the following claims: (1) pursuant to protections guaranteed by the Fourteenth

Amendment the parole violation charge for vandalism should be dismissed because he did not receive a copy of the Redding police report prior to the hearing and witness Bonnie Jennies who testified at the hearing was not listed in any report as an adverse witness; (2) under the Fifth and Fourteenth Amendments the parole violation charge for obstruction should be dismissed because petitioner was found to be "factually innocent" when the criminal charge for assault with serious bodily injury was dismissed by the Shasta County Superior Court; and (3) the BPT violated California Penal Code § 3057 when he was not awarded good time credits on his twelve month parole violation sentence.  Petitioner seeks to have the Board's good cause findings for the revocation of his parole reversed and his release from state custody.

       10.  On July 6, 2006, respondent filed a motion to dismiss and on July 31, 2006, petitioner filed a document styled, "Petitioner's Denial And Traverse To Respondent's Notice Of Motion And Motion To Dismiss," which the court construes as petitioner's opposition to the motion to dismiss.

       11.  On October 10, 2006, petitioner filed a notice of change of address and notified the court of his release on parole.

## ANALYSIS

Before this court may proceed, it must determine whether the issues raised in the instant petition present an actual "case or controversy" upon which it may grant relief.  Spencer v. Kemna, 523 U.S. 1, 7 (1998); Jackson v. California Dept. of Mental Health, 399 F.3d 1069, 1071 (9th Cir.), amended by Jackson v. California Dept. of Mental Health, 417 F.3d 1029 (9th Cir. 2005). According to Article III, Section 2 of the United States Constitution, the federal courts have jurisdiction of "all Cases . . . arising under this Constitution, the Laws of the United States, and Treaties made . . . [and] Controversies to which the United States shall be a Party . . . ." This "'case-or-controversy limitation on federal judicial authority . . . underpins . . . our mootness jurisprudence . . . .'" Burnett v. Lampert, 432 F.3d 996, 999 (9th Cir. 2005) (quoting Friends of the Earth, Inc. v. Laidlaw Envl. Servs. (TOC), Inc., 528 U.S. 167, 180 (2000)).

        Whether a case or controversy continues to exists when a prisoner has been released from custody was considered by the Supreme Court in Spencer v. Kemna, 523 U.S. 1 (1998).  In that case, petitioner challenged his reincarceration for parole violation.  While the habeas action was still pending, petitioner completed his term of imprisonment on the parole violation and was released from custody.  The Supreme Court held that the petitioner's habeas action was rendered moot by his release because of the lack of a continuing injury or collateral consequence.  Id. at 7.  Unlike criminal convictions which entail adverse collateral consequences, the court refused to extend the presumption of collateral consequences to parole revocations.  Id. at 8.  Thus, the Supreme Court rejected petitioner's arguments that his action was not moot because the parole revocation could be used to his detriment at future parole proceedings, to increase his sentence in a future sentencing proceedings, and to impeach him as a witness in future criminal proceedings or litigation.  Id. at 14-16.  It was reiterated that mootness deprives the court of the power to act because under such circumstances there is simply nothing for the court to remedy even if it were disposed to do so.  Id. at 18.

        Recently, the Ninth Circuit determined that a petitioner challenging the deferral of his consideration for parole and seeking his release has his federal habeas petition rendered moot when he is released on parole regardless of whether he is returned to custody on a parole violation.  Burnett v. Lampert, 432 F.3d at 999-1001.  See also Cox v. McCarthy, 829 F.2d 800, 803 (9th Cir. 1987) (claim moot because petitioner cannot be released from term imposed for violating parole that he has already served); Arrellano v. Director of CDCR, No. 2:06-cv-0625-GEB-GGH-P, 2007 WL 135670 (E.D. Cal. Jan. 16, 2007) (habeas challenge to parole revocation rendered moot by petitioner's subsequent release on parole); Thomas v. Belleque, No. Civ. 03-1395-BR, 2006 WL 176741 (D. Or. Jan. 20, 2006) (same).

        Here, petitioner was sentenced to twelve months following the revocation of his parole.  Petitioner challenged the good cause finding on the charges of resisting an officer and vandalism and sought his release from state custody.  This court is no longer able to provide

habeas relief because petitioner has completed the term of incarceration imposed for the parole violation.  The court notes that other cases within this circuit have applied the mootness doctrine where the term for parole revocation has been completed.   Therefore, the court will recommend that this action be dismissed as moot.  In light of this recommendation, the respondent's pending motion to dismiss and petitioner's motion for default should be denied.

Accordingly, IT IS HEREBY RECOMMENDED that:

1.  Respondent's July 6, 2006 motion to dismiss be denied;

2.  Petitioner's July 31, 2006 motion for default judgment be denied; and

3.  This action be dismissed as moot.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 9, 2007.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
jayne0823.mtd